UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LOIDA ALMANZA,
and other similarly-situated individuals,


v.

PARAMOUNT RESIDENTIAL
MORTGAGE GROUP, INC.
and ALEX GARCIA
individually

      Defendants,
_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LOIDA ALMANZA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. and ALEX GARCIA, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Defendant PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC. (hereinafter PARAMOUNT MORTGAGE, or corporate Defendant) is a foreign for profit corporation, registered to do business in Florida. Defendant has its place of business

in Dade County, within the jurisdiction of this Court.  At all times material hereto, Defendant PARAMOUNT MORTGAGE was and is engaged in interstate commerce.

3.  The individual Defendant ALEX GARCIA was and is now, Manager for PARAMOUNT MORTGAGE. This individual was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)],

4.  All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

5.  This cause of action is brought by Plaintiff LOIDA ALMANZA as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August, 2015 (the "material time") without being compensated.

6.  Corporate Defendant PARAMOUNT MORTGAGE is a provider of residential mortgages services.  Defendant operates at least three offices in Dade County. Plaintiff worked in the office located at 7190 SW 87 Avenue, Miami FL 33173.

7.  Defendant PARAMOUNT MORTGAGE employed Plaintiff LOIDA ALMANZA as a full time, non-exempt hourly employee from approximately June 15, 2016 to July 29, 2016, or 6 weeks. Plaintiff's wage rate was $12.00 an hour.  Plaintiff's overtime rate should be $18.00 an hour.

8. Plaintiff performed as a clerk, under the supervision of loan officer Katherine Canepa. Plaintiff main duty consisted of processing residential mortgage applications packages, and general office work.

9. While employed by Defendants, Plaintiff worked consistently more than 40 hours in every week period. However, Plaintiff was not paid for all her overtime hours at the rate of time and a half her regular rate. Plaintiff was paid for just 40 regular hours.

10. Plaintiff maintained a regular schedule, and for the first two weeks of employment she worked Monday to Friday from 8:00 AM to 8:00 PM (12 hours daily) or 57.5 hours per week, (Plaintiff has deducted 2.5 hours of lunch time). The remaining weeks Plaintiff worked from 8:00 AM to 9:30 PM (13.5 hours daily) for an average of 65 hours weekly (Plaintiff has deducted 2.5 of lunch time per week).

11. In addition, Plaintiff worked at least two Saturdays a minimum of 15 hours which constitute 15 additional unpaid overtime hours.

12. Plaintiff was paid bi-weekly, but for only 40 hours of work per week period.

13. Plaintiff complained twice with management and with her supervisor Katherine Canepa. Plaintiff requested to be paid for overtime hours. This supervisor told Plaintiff that Defendants did not pay for overtime hours.

14. As a result, on or about July 29, 2016 Defendants fired Plaintiff using pre-textual reasons.

15. Therefore, Defendants failed to pay Plaintiff for overtime hours, and after she complained, Defendants retaliated against her in violation of FLSA regulations.

16. Plaintiff LOIDA ALMANZA seeks to recover unpaid overtime hours, retaliatory damages and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

18. Plaintiff LOIDA ALMANZA re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly-situated to recover from the Employers PARAMOUNT MORTGAGE unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant PARAMOUNT MORTGAGE is a residential mortgage provider. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant

obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

21. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce and through her daily activities she regularly engaged in interstate commerce when she participated in activities directed to facilitate the Company's mortgage business, and related financing from out of state entities. Therefore, there is FLSA individual coverage.

22. Defendant PARAMOUNT MORTGAGE employed Plaintiff LOIDA ALMANZA as a full time, non-exempt hourly employee from approximately June 15, 2016 to July 29, 2016, or 6 weeks. Plaintiff's wage rate was $12.00 an hour. Plaintiff's overtime rate should be $18.00 an hour.

23. Plaintiff performed as a clerk, under the Supervision of loan officer Katherine Canepa. Plaintiff main duty consisted of processing residential mortgage applications packages and general office work.

24. While employed by Defendants, Plaintiff worked consistently more than 40 hours in every week period. However, Plaintiff was not paid for all her overtime hours at the rate of time and a half her regular rate. Plaintiff was paid for just 40 regular hours.

25. Plaintiff maintained a regular schedule, and for the first two weeks of employment she worked an average of 57.5 hour per week (Plaintiff has deducted 2.5 of lunch time per

week). The remaining weeks Plaintiff worked from 8:00 AM to 9:30 PM (13.5 hours daily) for an average of 65 hours weekly (Plaintiff has deducted 2.5 of lunch time per week).

26. In addition, Plaintiff worked at least two Saturdays a minimum of 15 hours which constitute 15 additional unpaid overtime hours.

27. Plaintiff punched in and out, but she was paid bi-weekly, but for only 40 hours of work per week period.

28. Defendants failed to pay Plaintiff at the rate of time and one half her regular rate for every hour in excess of 40 that she worked in a week period. Plaintiff performed the same or similar duties as that of those other similarly-situated employees, who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

29. The records, if any, concerning the number of hours actually worked by Plaintiff LOIDA ALMANZA, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

30. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.  <u>Total amount of alleged unpaid overtime wages</u>:

Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

    b.  <u>Calculation of such wages</u>:

Total relevant period of employment: 6 week
Regular rate: $12.00 an hour x 1.5=$18.00
Overtime rate: $18.00

      **i.   Overtime for 2 weeks of 57.5 hours of work**
Total hours worked: 57.5 hours weekly
Total O/T hours: 17.5 hours weekly

$18.00 O/T rate x 17.5 O/T hours=$315.00 weekly x 2 weeks=$630.00

      **ii.   Overtime for 4 weeks of 65 hours of work**
Total hours worked: 65 hours weekly
Total O/T hours: 25 hours weekly

$18.00 O/T rate x 25 O/T hours=$450.00 weekly x 4 weeks=$1,800.00

      **iii.   Overtime for 15 hours worked on two Saturdays**
Total hours worked: 15 hours weekly
Total O/T hours: 15 hours weekly

$18.00 O/T rate x 15 O/T hours=$270.00

Total i, ii, and iii: $2,700.00

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents the unpaid overtime.

31. At all times material hereto, the Employer/Defendant PARAMOUNT MORTGAGE

    failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et

    seq. in that, Plaintiff and those similarly-situated performed services and worked in

    excess of the maximum hours provided by the Act but no provision was made by the

    Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked

    in excess of forty hours (40) per workweek as provided in said Act.

32. Defendant PARAMOUNT MORTGAGE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

33. At the times mentioned, individual Defendant ALEX GARCIA the manager of PARAMOUNT MORTGAGE. Defendant ALEX GARCIA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of PARAMOUNT MORTGAGE in relation to their employees, including Plaintiff and others similarly situated. Defendant ALEX GARCIA had operational control of the Corporations, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

34. Defendants PARAMOUNT MORTGAGE and ALEX GARCIA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LOIDA ALMANZA and those similarly-situated individuals respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff LOIDA ALMANZA  and other similarly-situated and

against the Defendants PARAMOUNT MORTGAGE and ALEX GARCIA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LOIDA ALMANZA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS</u>**

36. Plaintiff LOIDA ALMANZA re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

37. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendant PARAMOUNT MORTGAGE is a residential mortgage provider. At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. At all times Defendant had more than two employees regularly engaged in interstate commerce The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida

sources, uses the instrumentalities and channels of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

38. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce and through her daily activities she regularly engaged in interstate commerce when she participated in activities directed to facilitate the Company's mortgage business, and related financing from out of state entities. Therefore, there is FLSA individual coverage.

39. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

40. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

41. Defendants PARAMOUNT MORTGAGE employed Plaintiff LOIDA ALMANZA as a full time, non-exempt hourly employee from approximately June 15, 2016 to July 29, 2016,or 6 weeks. Plaintiff's wage rate was $12.00 an hour, and her overtime rate should be $18.00 an hour.

42. Plaintiff performed as a clerk and her main duty consisted of processing of mortgage applications packages, and general office work.

43. While employed by Defendants, Plaintiff worked consistently more than 40 hours in every week period. However, Plaintiff was not paid for all her overtime hours at the rate of time and a half her regular rate.

44. Plaintiff maintained a regular schedule, and for the first two weeks of employment she worked an average of 57.5 hour per week (Plaintiff has deducted 2.5 of lunch time per week). The remaining weeks Plaintiff worked from 8:00 AM to 9:30 PM (13.5 hours daily) for an average of 65 hours weekly (Plaintiff has deducted 2.5 of lunch time per week).

45. In addition, Plaintiff worked at least two Saturdays a minimum of 15 hours which constitute 15 additional unpaid overtime hours.

46. Plaintiff was paid bi-weekly, but for only 40 hours of work per week period.

47. Therefore, Defendant failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

48. Plaintiff complained twice with management and with her supervisor Katherine Canepa. Plaintiff requested to be paid for overtime hours. Supervisor Katherine Canepa told Plaintiff that Defendants did not pay for overtime hours.

49. The first time that Plaintiff complained about unpaid overtime hours was on or about July 1st, 2016, and the last time that Plaintiff complained was on or about July 15, 2016.

50. These complaints constituted protected activity under the Fair Labor Standards Act.

51. As a result, on or about July 29, 2016 Defendants fired Plaintiff using pre-textual reasons.

52. At all time during her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

53. There is closed proximity between Plaintiff's last protected activity and the date of her termination.

54. At the times mentioned, individual Defendant ALEX GARCIA was the manager of PARAMOUNT MORTGAGE. Defendant ALEX GARCIA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of PARAMOUNT MORTGAGE in relation to their employees, including Plaintiff and others similarly situated. Defendant ALEX GARCIA had operational control of the Corporations, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

55. Defendants PARAMOUNT MORTGAGE and ALEX GARCIA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing her.

56. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for her complaint for overtime wages.

57. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

58. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOIDA ALMANZA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants PARAMOUNT MORTGAGE and ALEX GARCIA that Plaintiff LOIDA ALMANZA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LOIDA ALMANZA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff LOIDA ALMANZA demands trial by jury of all issues triable as of right by jury.

Dated:  March 20, 2017

Respectfully submitted,

By: __/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*